Gaztambide, Demandante y Apelado, *v.* Ayuntamiento de Sabana Grande, Demandado y Apelante.

Apelación procedente de la Corte de Distrito de Mayagüez en pleito sobre deslinde de propiedad.

No. 1526.—Resuelto en marzo 12, 1917.

Deslinde—Allanamiento a la Demanda—Reserva de Derechos al Demandado—Sentencia.—Cuando un demandado se allana a una demanda pidiendo que se le reserven ciertos derechos y la otra parte no se opone y la reserva no es contraria a la ley, debe hacerse constar en la sentencia.

Id.—Costas y Desembolsos—Honorarios de Abogado—Litigante Temerario.—La imposición de costas, desembolsos y honorarios de abogado, descansa en la sana discreción de la corte que dicta la sentencia, pero de acuerdo con la ley vigente sobre la materia (Leyes de 1908, p. 50), es necesario para que dicha discreción pueda ejercerse que exista algún grado de culpabilidad en la parte condenada. No existe grado alguno de culpabilidad por parte de un demandado que se allana a las pretensiones del demandante para que se decrete un deslinde, cuando no se alega que se hubiera opuesto antes al mismo y que por tal motivo el demandante se viera obligado a acudir al tribunal. Es natural que la parte que solicita y obtiene en tales condiciones el deslinde, satisfaga los gastos ocasionados por el mismo.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Benito Forés.*

Abogado del apelado: *Sr. José E. Benedicto.*

El Juez Asociado Sr. del Toro, emitió la opinión del tribunal.

José Ramón Gaztambide presentó una demanda en la corte de distrito de Mayagüez alegando que era dueño de un solar de 17 metros de largo por 35 de ancho, con una casa edificada en el mismo; que el demandado Santalis era dueño de otra casa edificada en un solar del municipio de Sabana Grande que colindaba con el del demandante, y que no existiendo entre ambas fincas ningún signo material que señalara y determinara con toda fijeza las respectivas colindancias, se veía "en la necesidad de establecer de una manera clara e inconfundible el deslinde de su finca de la línea colindante con la del demandado."

El demandado Ayuntamiento de Sabana Grande excepcionó la demanda por no aducir hechos suficientes para determinar una causa de acción, pero luego se allanó a ella a fin de que se practicara el deslinde, reservándose "cualquier derecho que pudiera tener sobre la propiedad del demandante señor Gaztambide." El demandado Santalis se eliminó del pleito por haber sido destruída por un incendio la casa que poseía.

Visto el acuerdo de ambas partes, la corte ordenó la práctica del deslinde que se llevó a efecto por el perito señor Baucher, y no habiéndose hecho oposición al informe del perito, la dicha corte le impartió su aprobación y dictó sentencia por la que declaró "que de los 17 metros de frente que según la escritura del señor Gaztambide mide su solar, no tiene ocupados más que 14 metros 60 centímetros, con un edificio de mampostería, faltándole por lo tanto dos metros 40 centímetros, que es lo que con corta diferencia mide el callejón que separa la casa del demandante de la casa perteneciente a la sucesión Santalis, perteneciendo dicho callejón al demandante, sin especial condenación de costas."

Diez días después de dictada la anterior sentencia, la corte la reconsideró y decretó y ordenó que el memorándum de gastos de viaje y honorarios presentado por el perito Boucher

ascendente a cincuenta pesos fuera pagado veinticinco por una parte y veinticinco por otra.

El municipio demandado apeló de la sentencia y de la orden de reconsideración y ha alegado ante este Tribunal Supremo que el de distrito erró, 1.°, al hacer declaraciones indebidas respecto a la propiedad fijando a quien pertenece el callejón existente entre las fincas deslindadas, y 2ª., al imponer el pago de la mitad de los gastos del deslinde al demandado.

1. En cuanto al primer extremo, nos parece que tiene razón en parte el apelante. No se celebró juicio. El deslinde se acordó basándose en el allanamiento a la demanda hecho por el demandado, pero tal allanamiento se hizo bajo la condición de que se le reservaran los derechos que pudiera tener el demandado sobre la propiedad del demandante. Se trata de un municipio y parece que éste no tenía oposición alguna que hacer a las dimensiones del solar ocupado por el demandante, pero tal vez pudiera existir alguna cuestión con respecto al hecho de si el solar era de la propiedad del demandante, o si éste simplemente tenía el derecho de usufructuarlo, correspondiendo la nuda propiedad al municipio. El demandante no se opuso a la forma en que se allanó el demandado. Al contrario, se desprende de los autos, que todo fué bien entendido.

Siendo ello así, nos parece justo que la sentencia apelada se modifique, haciéndose constar expresamente en ella la reserva indicada.

2. En cuanto al segundo extremo, opinamos que la corte de distrito se excedió en sus facultades al imponer la mitad de los desembolsos del pleito al demandado.

La imposición de costas, desembolsos y honorarios de abogado, descansa en la sana discreción de la corte que dicta la sentencia, pero de acuerdo con la ley vigente sobre la materia (Leyes de 1908, p. 50), es necesario para que dicha discreción pueda ejercerse que exista algún grado de culpabilidad en la parte condenada, y en este caso no podemos ver que exista grado alguno de culpabilidad por parte del municipio que se

allanó a las pretensiones del demandante.   Además en la demanda no se alegó que el municipio demandado se hubiera opuesto al deslinde y que por tal motivo el demandante se hubiera visto obligado a acudir a un tribunal, y como el beneficio del deslinde lo recibirá en primer término el demandante, es natural que satisfaga los gastos ocasionados por el mismo.

Por virtud de todo lo expuesto, debe modificarse la sentencia apelada en el sentido indicado y revocarse la orden que la modificó, debiendo subsistir su primitivo pronunciamiento, a saber, "sin especial condenación de costas."

> *Modificada la sentencia apelada y revocada la orden que la modificó.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.